EDWARD J. O'LEARY ET AL. *v.* INDUSTRIAL PARK CORPORATION
(13632)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued March 28—decision released June 27, 1989

*Philip L. Steele,* for the appellants (plaintiffs).

*Elliot G. Macht,* for the appellee (defendant).

COVELLO, J. The dispositive issue in this appeal is whether a trial court has the authority to modify a jury award to include attorney's fees incurred in defending an appeal. We conclude that the trial court has no such authority.

The relevant facts are not in dispute. On March 29, 1983, the plaintiffs, Edward J. O'Leary and Raymond M. Vincunas, commenced an action against the defendant, the Industrial Park Corporation, for breach of contract, misrepresentation and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The case was tried to a jury and prior to deliberations, the trial court instructed the jury that "if the plaintiffs have proven [that the defendant committed a fraud] they are entitled to have you add to the damages given in compensation for their losses and injury an additional sum as exemplary damages. The measure of these damages is a reasonable expense which the plaintiffs have incurred, including counsel fees in prosecuting this action . . . . " On June 26, 1986, the jury returned a verdict in favor of the plaintiffs and awarded them $32,128 in damages. The parties agree that as part of the damages awarded, the jury included attorney's fees to date. The trial court

rendered judgment in accordance with the verdict and on August 19, 1986, the defendant appealed this judgment to the Appellate Court,

On October 14, 1986, while the appeal was pending, the plaintiffs filed a motion for a supplemental judgment seeking interest and attorney's fees pursuant to General Statutes § 52-192a (b).[1] The trial court "defer[red] action on plaintiffs' motion for supplemental judgment until after pending appeal matters are concluded. The motion should be reclaimed by plaintiffs if it is to be preserved." On May 17, 1988, the Appellate Court affirmed the trial court's actions in connection with the underlying case in all respects. *O'Leary* v. *Industrial Park Corporation,* 14 Conn. App. 425, 542 A.2d 333 (1988).

On June 10, 1988, the plaintiffs reclaimed their earlier motion for interest and attorney's fees as prescribed by § 52-192a (b) and also filed a "motion for supplemental judgment to recover the legal costs incurred in defendant's appeal and the legal costs not considered by the jury." After a hearing on the motion the trial court awarded the plaintiffs $350 as attorney's fees

---

[1] General Statutes § 52-192a (b) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

and $6622.78 in interest. The court, however, denied the plaintiffs' request for the additional attorney's fees they incurred in opposing the defendant's appeal in the Appellate Court. The plaintiffs appealed this decision to the Appellate Court and we thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

I

On appeal, the plaintiffs claim that the trial court erred in denying their motion for supplemental judgment for the amount of attorney's fees incurred in defending the appeal. We do not agree. The trial court properly concluded that it was without authority to award such costs.

" '[A]bsent contractual or statutory authorization, there can be no recovery, either as costs or damages . . . for counsel fees by a party opponent from his opponent.' " *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 280, 297, 472 A.2d 306 (1984). An exception to this general rule is that attorney's fees may be awarded as a component of punitive damages. *Markey* v. *Santangelo*, 195 Conn. 76, 80, 485 A.2d 1305 (1985). Punitive damages may be awarded upon a showing of fraud. Id., 77; *Manning* v. *Michael*, 188 Conn. 607, 619, 452 A.2d 1157 (1982).

In this case the trial court properly instructed the jury that if the defendant had committed a fraud the plaintiffs could be awarded punitive damages. Both parties agree that part of the damages awarded included an amount for punitive damages. Now, however, the plaintiffs seek as additional damages, the attorney's fees incurred in defending the appeal. There is no authority to support the plaintiffs' contention that the common law rule providing for the recovery of punitive damages in actions of fraud includes recovery for the costs incurred in defending a subsequent appeal.

While the legislature has enacted numerous statutes permitting the award of attorney's fees; see, e.g., General Statutes § 31-72 (actions to collect wage claims); General Statutes § 36-449 (violations of the home mortgage disclosure act); General Statutes § 46b-62 (actions for dissolution of marriage, legal separation and annulment); General Statutes § 52-192a (offer of judgment statute); General Statutes § 52-484 (action in interpleader); there is no statutory authority to award attorney's fees incurred in defending a subsequent appeal in a fraud action.

## II

The plaintiffs further argue that because the trial court deferred judgment on their October 14, 1986 motion for attorney's fees pursuant to General Statutes § 52-192a (b), it had continuing jurisdiction over the entire case and, therefore, had the authority to award costs incurred in defending the appeal in the Appellate Court. We do not agree. Not only did the trial court's action fail to confer upon it continuing jurisdiction,[2] but it was unnecessary for the trial court to defer the rendering of judgment on the § 52-192a motion.

---

[2] A trial court has only limited authority to modify its judgments. Practice Book § 326 provides in part that *"[u]nless otherwise provided by law* and except in such cases in which *the court has continuing jurisdiction,* any civil judgment or decree rendered in the superior court may not be opened or set aside unless *a motion to open or set aside is filed* within four months succeeding the date on which it was rendered or passed." (Emphasis added.) See General Statutes § 52-212a.

Contrary to the plaintiffs' assertion, the trial court's authority was not "otherwise provided by law." This is not a case in which the legislature has provided the trial court with the statutory authority to modify its previous judgment even after the four month period provided for in Practice Book § 326. See, e.g., General Statutes § 46b-86 (the modification of alimony or support orders and judgments can be made "at any time"). Nor is this a situation in which the common law has provided the trial court with continuing jurisidiction. See, e.g., *Adams* v. *Vaill,* 158 Conn 478, 482, 262 A.2d 169 (1969) ("[i]t cannot be doubted that courts have inherent power

We have recently discussed at length the nature of the damages allowable under the offer of judgment statute. *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra. The rules of § 52-192a determine prejudgment interest, the interest from the date when the offer of judgment was filed until the date of judgment. "Thereafter, [the plaintiffs are] entitled to interest at the rate of [10] percent on whatever amounts remain unpaid on the judgment rendered in [their] favor." Id., 308. This post-judgment interest is authorized by General Statutes § 37-3a.[3] Although the amount awarded in this case

to change or modify their own injunctions where circumstances or pertinent law have so changed as to make it equitable to do so"). This is also not a situation in which the plaintiffs filed a motion to open the judgment or to set aside the judgment pursuant to § 326. " 'Absent waiver, consent or other submission to jurisdiction . . . a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of the [period] provided in Practice Book . . . § 326.' *Bunche* v. *Bunche*, 180 Conn. 285, 287–88, 429 A.2d 874 (1980)." *Misinonile* v. *Misinonile*, 190 Conn. 132, 134, 459 A.2d 518 (1983).

Nor is this a case to which we should apply the rule that a judgment rendered by the court may be opened even after the four month limitation if it is shown that the judgment was obtained by fraud, in the actual absence of consent, or because of mutual mistake. See *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 466, 440 A.2d 159 (1981); *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980); *Sparaco* v. *Tenney*, 175 Conn. 436, 437–38, 399 A.2d 1261 (1978).

[3] General Statutes § 37-3a provides: "RATE RECOVERABLE AS DAMAGES. Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable except as otherwise provided with respect to demand obligations in section 42a-3-122 (4) (a). Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

accurately reflects the proper computation of interest, it was unneccessary for the court to defer its decision on this issue. The interest accrues whether an appeal has been taken and until such time as the amount duly owed has been paid. There was, therefore, no need for a judicial determination of the amount due following the appeal.

Finally, in *Hewitt* v. *Wheeler School & Library,* 82 Conn. 188, 194–95, 72 A. 935 (1909), the trial court entered the following order as part of its judgment: " 'It is further ordered and adjudged that, in case an appeal to the Supreme Court of Errors shall be taken from this judgment . . . this court retains jurisdiction of the case for the sole purpose, and only to the extent, of adjudging what allowances, if any, shall be made to the parties, or any of them, for expenses and counsel fees so incurred.' " In reviewing this order, we stated that "[t]his clause must be regarded as mere surplusage. The judgment rendered was a final one, and no further action in the cause . . . can be had in the Superior Court. *Horton* v. *Upham,* 72 Conn. 29, 32, 43 Atl. 492 [1899]." Id., 195. See also *Hartford National Bank & Trust Co.* v. *VonZiegesar,* 154 Conn. 352, 362, 225 A.2d 811 (1966).

The trial court did not err in holding that it was without jurisdiction to entertain the plaintiffs' motion for supplemental attorney's fees.

There is no error.

In this opinion the other justices concurred.