CRAIG M. PLIKUS *v.* ANTHONY J. PLIKUS
(9336)

DALY, FOTI and LAVERY, Js.

Argued October 1—decision released November 19, 1991

*William E. McCoy,* for the appellant (defendant).

*Kevin E. Booth,* with whom, on the brief, was *James E. Mattern,* for the appellee (plaintiff).

FOTI, J. In this action for conversion of assets,[1] the defendant appeals from the judgment of the trial court accepting the report of the attorney trial referee and ruling in favor of the plaintiff. The defendant claims that the trial court improperly (1) limited his discretion as the custodial parent, (2) disallowed a claimed credit, (3) ordered a reconveyance of the stock at issue, (4) imposed on him an obligation to support the plaintiff beyond the age of eighteen, (5) found a portion of his divorce agreement to be for the benefit of the plaintiff, and (6) awarded attorney's fees to the plaintiff. We reverse the judgment of the court only as to the award of attorney's fees.

The plaintiff, Craig Plikus, is the son of the defendant, who was divorced from the plaintiff's mother in 1981. The plaintiff was a minor at the time of the divorce, and is one of two issue of the marriage. During the marriage, the defendant and his wife transferred 150 shares of stock in the Southern New England Telephone Company to each son under the

---

[1] The plaintiff brought this action in four counts alleging breach of contract, conversion, fraud and breach of a fiduciary duty.

Uniform Gifts to Minors Act.[2] Prior to the dissolution of their marriage, the defendant and his wife entered into a separation agreement that made no mention of the stock. The divorce was uncontested and the decree provided in part: "The defendant shall continue to hold the Southern New England Telephone Company stock on which he is presently trustee for the benefit of the children and shall disburse the same in payment for the educational needs of Craig Plikus. In the event that Craig Plikus does not opt to incur educational expenses, the defendant shall convey to Craig Plikus on his 22nd birthday, the aforesaid stock on which he is now trustee." After the dissolution, the defendant transferred all of the stock into his own name. The stock has since split two for one, and the defendant has retained legal title to the 600 shares.

In his appeal, the defendant challenges several factual findings. In his first claim, the defendant points out that the Uniform Gift to Minors Act affords a custodian of property broad discretion in handling property and expending moneys for the benefit of a minor. He claims that the trial referee and the court improperly limited his discretion as a custodial parent. He claims that he spent approximately $12,000 on high school tuition, uniforms, sports equipment and transportation for the plaintiff. The attorney trial referee found, however, that the defendant did not use the stock for the plaintiff's benefit and that the facts do not support the defendant's claim.

The referee found that the defendant told the plaintiff that he could afford to send the plaintiff to a private high school only if the plaintiff left his mother's custody and resided with the defendant. The plaintiff did so. Thus, the referee concluded that the $12,000

[2] General Statutes §§ 45a-546 through 45a-556 (formerly §§ 45-101 through 45-109b).

expenditure was part of the defendant's legal duty to support his child under General Statutes §§ 46b-215 and 46b-84. The referee also found that by the time the defendant had transferred the stock into his own name he had expended only a nominal amount for his son's educational needs, and had not made payments equal in value to the stock.

In addressing a challenge to the facts found by the trial referee and adopted by the trial court, this court's function is to determine whether those findings were clearly erroneous. Practice Book § 4061. Because the resolution of conflicting factual claims falls within the province of the trial court, we can reverse the judgment only if the findings are clearly erroneous. *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988). We cannot retry the facts or pass on the credibility of the witnesses. Id. The referee's findings are not clearly erroneous.

In his second claim, the defendant alleges that, at a minimum, he is entitled to a credit for amounts spent on the plaintiff's education. The referee found, however, that the defendant did not use custodial funds for his son's benefit and that the defendant had an obligation to support his son at that time. Here again, the defendant questions the factual findings of the trial referee. It is well settled that the factfinder determines with finality the credibility of witnesses and the weight to be given their testimony. *State* v. *Speers,* 17 Conn. App. 587, 592, 544 A.2d 769, cert. denied, 211 Conn. 808, 559 A.2d 1142, cert. denied, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108 (1989). Thus, we leave undisturbed the findings of fact made by the referee.

The defendant next claims that the court improperly ordered a reconveyance of the stock to the plaintiff because (1) the plaintiff did not seek injunctive relief, (2) the plaintiff did not show immediate and irrepara-

ble injury, and (3) the attorney trial referee lacked jurisdiction over a matter involving injunctive relief. While the plaintiff did not seek injunctive relief, he did seek "such other relief as the court deems appropriate." The trial referee found that the defendant converted the stock that belonged to the plaintiff, and that the stock was still in the defendant's possession.

At common law, if the converted property remained in the hands of the converter, the return of the identical property was allowed. The general rule is that the measure of damages in a conversion is the value of the goods at the date of the conversion; *Kuzemka* v. *Gregory,* 109 Conn. 117, 122, 146 A. 17 (1929); although this is not an exclusive determination. *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 222, 477 A.2d 988 (1984). Additionally, a wrongdoer should not be allowed to benefit from his misdeed. See *Cohen* v. *Cohen,* 182 Conn. 193, 205, 438 A.2d 55 (1980). He should not be allowed to retain a converted item, which may have greatly increased in value, and pay a lesser amount. Under the general rule, damages totaling the value of the item at the time of conversion plus consequential damages and interest may still be less than the value of the item itself. Additionally, in the case at hand, the defendant did not raise the issue of the measure of damages specifically on appeal or in his objection to the acceptance of the attorney trial referee's report. Thus, we conclude that the order of reconveyance of the converted stock from the defendant to the plaintiff was proper under the circumstances of this case.

The defendant next challenges what he maintains was the referee's finding that the parties' divorce decree required the defendant to pay for the plaintiff's college education. The defendant claims that, if the decree limited the use of the stocks to payments for postsecondary education, then, in substance, the dis-

solution court was ordering postmajority support. He maintains that a dissolution court cannot order post-majority support without a signed, written agreement of the parties formulated prior to the dissolution orders. While he argues that he "is not at this time strenuously pressing the issue of postmajority support," the defendant asks us to view it in light of the result of the trial court's ruling. He also argues that the court improperly enforced the dissolution judgment by allowing it into evidence as proof of an agreement between the parties to the dissolution.

The defendant's arguments once again must fail because of the referee's factual findings. The referee found that the defendant had not expended custodial funds for the plaintiff's benefit. Therefore, the issue of whether the meaning of the word education in the divorce decree was limited to college education never arose. The trial referee was free to accept the clear meaning of the words in the decree as the agreement of the parties, intended for the benefit of their son, the plaintiff.

Finally, the defendant argues that the trial court improperly awarded attorney's fees. We agree with this contention. The plaintiff sought relief that included monetary damages, interest, punitive damages and "such other relief as the court deems appropriate." In approving the proposed decision of the attorney trial referee, the court awarded $5300 in attorney's fees, without statutory or contractual authority to do so.

Absent statutory or contractual authorization, attorney's fees are not recoverable. *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 280, 297, 472 A.2d 306 (1984). An exception to this general rule, however, is that a court may award attorney's fees as a component of punitive damages. *O'Leary* v. *Industrial Park Cor-*

*poration,* 211 Conn. 648, 651, 560 A.2d 968 (1989). Punitive damages may be awarded upon a showing of fraud. See *Markey* v. *Santangelo,* 195 Conn. 76, 77, 485 A.2d 1305 (1985). In this case, however, the attorney trial referee did not find fraud.

Fraud is not a necessary part of a conversion. Conversion occurs when one assumes and exercises the right of ownership over property belonging to another, without authorization and to the exclusion of the owner's rights. *Falker* v. *Samperi,* 190 Conn. 412, 419, 461 A.2d 681 (1983). The intent required for a conversion is merely an intent to exercise dominion or control over an item even if one reasonably believes that the item is one's own. *Luciani* v. *Stop & Shop Co.,* 15 Conn. App. 407, 411–12, 544 A.2d 1239, cert. denied, 209 Conn. 809, 548 A.2d 437 (1988).

The plaintiff argues that common law punitive damages are permissible when a plaintiff prevails in conversion, and that punitive damages may include attorney's fees. The plaintiff fails to recognize, however, that the attorney trial referee did not award punitive damages in this case. The court accepted the referee's report and then rendered a judgment that included attorney's fees. Because the court lacked statutory or contractual authority to award attorney's fees, however, and because there was no award of punitive damages, the court improperly awarded attorney's fees.

The judgment, insofar as it allows an award of attorney's fees, is reversed and the case is remanded with direction to vacate the award of attorney's fees. In all other respects, the judgment is affirmed.

In this opinion the other judges concurred.