[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gertrude O. Weiss, has brought a declaratory judgment action against the City of Stamford, its Zoning Board, and the chairman of the Zoning Board, Joseph A. Frattaroli, seeking a ruling that a certain provision of the city's zoning regulations regarding density is unconstitutional, illegal, arbitrary and unreasonable.
The plaintiff owns an unimproved lot of 6,000 square feet on the corner of Bedford Street and Dolsen Place in Stamford, in the Multi-Family Residence zone (R-MF). Plaintiff seeks to invalidate Article III, sec. 4, AA, 6.4b, of the Stamford regulations relating to the minimum lot area or square feet per dwelling unit.[1]
Because of this density restriction, plaintiff is entitled to build a maximum of three apartments or dwelling units. In her complaint, Mrs. Weiss claims that this regulation ignores number of occupants and/or number of bedrooms in determining the maximum number of apartments, and hence, among other things, impedes the construction of affordable rental units, in violation of General Statutes 8-2.[2] Plaintiff also contends that the distinction between lots having more or less than 20,000 square feet in area is arbitrary and discriminatory.
Mrs. Weiss applied to the Zoning Board on February 15, 1989, for a change in the density regulation of one dwelling unit per 2,000 square feet, or 21 units to the acre, for lots less than 20,000 square feet, in order to permit her to construct eight units, four two bedrooms apartments of 612.5 square feet each, and four one bedroom units of 402.5 square feet each. The Zoning Board rejected this proposal.[3]
CT Page 2763
The plaintiff did not appeal this decision to the Superior Court in accordance with General Statutes 8-9, 8-8, but rather appealed to the United States District Court. She claimed, among other things, that these two regulations violated the due process and equal protection clause of the United States Constitution.[4] The District Court rejected the appeal on the basis that the regulations did not violate the federal constitution.[5] Mrs. Weiss then appealed to the United States Court of Appeals for the Second Circuit. This appeal, however, was withdrawn pursuant to a stipulation of the parties whereby the plaintiff agreed to withdraw her suit in the federal court, but reserved the right to challenge the density regulation in this court based on grounds other than the federal constitution. In this case, the plaintiff claims that the Stamford density regulation in question violates Article I, sections 8, 10 and 20 of the Connecticut Constitution, General Statutes 8-2, and its counterpart in the Stamford Charter, C6-40-1.[6]
The defendants filed special defenses claiming that notice to interested parties of the commencement of the declaratory judgment action was inadequate, and that plaintiff's action was subject to res judicata based on the federal court proceedings. As to the first special defense, the plaintiff subsequently gave notice of her suit by way of two publications in the local newspaper. Regarding the second special defense, Mrs. Weiss argued that res judicata did not apply because the stipulation in the federal court between herself and these defendants expressly reserved her right to pursue this action in the Superior Court.[7]
The case was referred to Attorney Bernadette Coomaraswamy, an attorney trial referee, in accordance with General Statutes 52-434(a) and Practice Book 428 et seq. Hearings were held over the course of four days, at which seven witnesses testified, and approximately thirty five exhibits were introduced. Thereafter, the attorney trial referee filed her report containing a number of findings of fact, including that: (1) any building built on plaintiff's 6,000 square foot lot could cover up to 1,800 square feet, because of the 30 per cent lot coverage regulation, and could be built to a maximum of four stories, thus permitting a 7,200 square foot structure; (2) not more than three dwelling units could be built on plaintiff's lot; (3) the adjacent properties had "three-family units for decades"; (4) if the Zoning Board had adopted plaintiff's proposal completely eliminating density restrictions for lots in the R-MF zone, the only limitations on the number of units would be the 30 per cent lot coverage and height restrictions, with the result that 147 acres of property presently in the R-MF zone in Stamford would be affected, and CT Page 2764 theoretically there could be as much as a 900 per cent increase in density and an additional 64,000 people in this zone; (5) restricting the number of dwelling units based on lot size, or unit per acre, is a "recognized, widely used measure to contain indiscriminate growth and crowding"; (6) the plaintiff had given adequate notice of her pending suit;[8] (7) her action was not subject to res judicata because the parties had stipulated that the withdrawal of the appeal in the federal court was without prejudice to Mrs. Weiss pursuing this appeal; (8) the plaintiff's proposal for eight dwelling units submitted to the Zoning Board did not provide for adequate on-site parking;[9] and (9) despite plaintiff's claim that she was pursuing the mandate of General Statutes 8-2 that zoning regulations should "encourage the development of housing opportunities for all citizens," she failed to submit to the defendant Board plans or any other required documentation showing this as her purpose in proposing eight, instead of three, units. See General Statutes8-2g.[10] The Stamford zoning regulations provide for a thirty per cent density bonus for affordable housing, but Mrs. Weiss did not pursue this option.
The attorney trial referee drew the following conclusions from her findings of fact: (1) the control of density of population is a legitimate aim of zoning,[11] and the regulation in question was a valid and rational means of reaching that goal; (2) the limitation of three dwelling units, rather than the eight proposed by plaintiff, did not conflict with the goal set forth in General Statutes 8-2 that zoning regulations should promote affordable housing; (3) the defendants had not violated plaintiff's Connecticut constitutional rights to due process and equal protection: and (4) there was a valid relationship between the Stamford regulation controlling density by way of unit per acre, and "public health and safety and welfare."
In accordance with Practice Book 438, the plaintiff moved to correct the attorney trial referee's report. She claimed that the findings of fact should be amended in a number of ways, including that: (1) the attorney trial referee did not address plaintiff's claim that the regulations violated the uniformity requirement of the Stamford zoning regulations and the state statute[12]; (2) section 6.4b has no relation to occupancy, that is, any number of people can occupy an apartment, and hence this regulation does not relate to density, and has no reasonable relation to public health and safety; (3) the regulations would permit a net space of 6,864 square feet and therefore three apartments of 2,288 square feet, which would be incompatible with the present development of the neighborhood, would be contrary to the goal of providing affordable housing, and would not generate sufficient rent to warrant construction of a building to house these three apartments; (4) there is a shortage of CT Page 2765 affordable housing in Stamford; (5) the Master Plan's designation of the area as high density multi-family would permit 60 units per acre, rather than the 21 units per acre permitted under zoning for lots of less than 20,000 square feet[13]; (6) plaintiff was not proposing the permanent elimination of density requirements for the R-MF zone, but only attacking the particular existing restriction in section 6.4b; and (7) plaintiff's "illustrative" plan showing eight units that was presented to the Zoning Board complied with all provisions of the Stamford zoning regulations, including parking, except the one pertaining to density.
The referee declined to make any corrections in her report, except to note that the uniformity requirements of both the Stamford Special Act and the state statute had been met, in that the regulations applied "to each classification denoted by the governing body and [were] enforced equally to each class member."[14]
Pursuant to Practice Book 439, the plaintiff then filed exceptions to the report asking this court to correct the report, and properly filed the required transcript. The exceptions contended that the attorney trial referee erred in failing to make the corrections set forth in her motion to correct. Practice Book 440.
The plaintiff also filed objections to the acceptance of the report, Practice Book 440, on the grounds, among other things, that (1) Stamford's regulation requiring 2,000 square feet per dwelling units for lots less than 20,000 square feet bears no rational relationship to density because it does not purport to regulate size or occupancy, which could be practically unlimited; (2) the regulation fails to promote a larger number of smaller apartments at moderate rentals, but rather requires the construction of larger and more expensive apartments, thereby violating the mandate of General Statutes 8-2 that zoning regulations shall promote affordable housing; and (3) dual density requirements within the same zone, depending on whether the lot is more or less than 20,000 square feet, with the result that one could erect either 21 or 29 units per acre, violate the uniformity requirements of both the state statute and the city's charter; (4) the attorney trial referee's comments on parking were without any basis in the record, as were her finding that a 900 per cent or 64,000 population increase could occur in this zone if no density requirements were in force; and (5) plaintiff had not advocated the abolition of all density requirements in the R-MF zone, just the particular provision under attack in this case.
It should be noted at this point that this court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714, CT Page 2766557 A.2d 517 (1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
The transcript in this case has been reviewed and it is evident that ample support exists for the referee's factual findings. For example, Mr. Cole, the "principal planner" for the city's Zoning and Planning boards, testified that the plaintiff's application as submitted to the Zoning Board, which included a proposed floor plan for bedrooms, would result in "eighteen dwelling units as possible maximum and that is then six times what it's currently zoned for." Plaintiff's proposal, in his words, "certainly creates a risk of a substantially increased total number of dwelling units and ultimate design planning targets for population, sewage, flow of traffic, parking, all of the above."
Of course, there is some contrary evidence in the transcript, but it is axiomatic "that the fact finder determines with finality the credibility of witnesses and the weight to be given their testimony." Plikus v. Plikus, 26 Conn. App. 174, 177, 599 A.2d 392 (1991). "Where evidence is in conflict, its probative force is for the trier of fact to determine." Bernard v. Gershman, 18 Conn. App. 652, 656,559 A.2d 1171 (1989).
If the findings of fact by the referee are accepted, as they are, then this court's task, according to Bernard v. Gershman, Id., is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. This procedure appears to be similar to that employed by an appellate court in reviewing a decision of the trial court. "On appeal, our review is limited to a determination of whether the trier's findings are clearly erroneous . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . ." (citations and internal quotation marks omitted). Fortier v. Newington Group, 30 Conn. App. 505,509, ___ A.2d ___ (1993). CT Page 2767
In challenging the constitutionality of zoning regulations, the plaintiff bears "the heavy burden of proving their unconstitutionality beyond a reasonable doubt." Beacon Falls v. Posick, 212 Conn. 570, 585,563 A.2d 285 (1989). Moreover, such regulations "enjoy a presumption of constitutionality." Id. The test of illegality is whether the regulation is "rationally related to the protection of the public health, safety and general welfare of the community." Id., 583. As stated in Builders Service Corporation v. Planning and Zoning Commission, 208 Conn. 267, 289-90,545 A.2d 530 (1988), "[c]ourts can interfere only in those extreme circumstances where the action taken is unreasonable, discriminatory or arbitrary. . . Every intendment is to be made in favor of the validity of [an] ordinance and it is the duty of the court to sustain the ordinance unless its invalidity is established beyond a reasonable doubt." (citations and internal quotation marks omitted).
Plaintiff relies heavily on the Builders Service Corporation decision, but that case involves minimum floor space requirements or the minimum size of a house, whereas this case involves the maximum number of units that can be erected in a given area.[15] Moreover, as stated in Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning and Zoning Commission, 220 Conn. 527, 553, 600 A.2d 757 (1991), Builders Service Corporation "did not purport to overrule our well established case law on the proper scope of judicial review, in a zoning appeal, of a local zoning commission's exercise of its legislative discretion in amending its zoning regulations. . . Furthermore, Builders Service Corporation did not purport to permit a trial court, in such an appeal, to undertake its own process of weighing the competing bodies of evidence regarding the factors delineated in 8-2."
Plaintiff also claims that testimony of her expert witness, Dr. Eric W. Mood, of the Yale Medical School, establishes that since Stamford's density regulation is not based on space and occupancy considerations, it necessarily promotes only large and expensive dwellings, and discourages the building of smaller, moderately-priced units. However, this witness agreed that even if the current density restriction has no connection with public health and safety as such, the primary source of promoting health and safety are municipal housing codes, and furthermore, Stamford's density requirement could relate to other purposes in the enabling legislation and charter.[16]
In one sense, the issues in this case are whether the attorney trial referee's findings of fact have support in the record, and, if so, whether her conclusions and recommendations follow logically and legally from her factual findings. In a broader sense the issue is whether the plaintiff has proved that Stamford's zoning regulation requiring that on lots less CT Page 2768 than 20,000 square feet each dwelling unit have a minimum of 2,000 square feet is unconstitutional because it bears no rational relationship to either General Statutes 8-2 or the Stamford Charter section C-6-40-1.
The record indicates, in this court's opinion, that regulating density by "unit per acre," rather than by occupancy or number of bedrooms, is a rational and acceptable means of implementing the mandates of the charter and the statute. For example, a Mr. Charles Vidich, a municipal planner, and actually a witness for the plaintiff, conceded that controlling density by unit per acre is not irrational. Although plaintiff contended that any number of persons could live in her three permitted apartments, Mr. Vidich points out that the size of a typical family effectively limits the number of occupants. The witness went on to say that, "in terms of whether a density control has to be occupancy-based, the answer is based upon my experience in the State of Connecticut, both as a planner and as one who has reviewed the 161 municipalities that have zoning, occupancy-based zoning for multi family does not exist and would be impossible to establish as a mechanism for controlling density." Although Mr. Vidich said that density regulations based on the number of bedrooms in multi family dwellings is an approach used in Connecticut, on cross examination he was asked: "Q. . . . wouldn't you say that in and of itself the more typical way of regulating density is dwelling units per acre in Connecticut? A. Yes, I would."
The challenged regulation is thus an acceptable and widely-employed means of controlling population and overcrowding. There are other ways of accomplishing the same goals by regulating bedrooms or the number of occupants, but it is not the function of this court to engage in an independent review of the preferable method for the city of Stamford. There is sufficient evidence in the record to justify a conclusion that the regulation under attack by the plaintiff prevents undue crowding, preserves existing housing, and prevents traffic congestion, and thus is rationally related to the Stamford Charter, Article 6, as well as to the state statute.[17]
The court accepts the recommendation of the attorney trial referee that plaintiff's request that a declaratory judgment enter ruling Stamford's restriction on density unconstitutional, illegal and irrational be denied, as this recommendation follows logically and legally from the referee's findings of fact. No material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443. In the words of Practice Book 440, the conclusions of fact "were properly reached on the basis of the subordinate facts found."
I should add that I am not unsympathetic to plaintiff's plight in the CT Page 2769 sense that 2,288 square feet apartments on her particular street may well be uneconomical. However, the plaintiff is apparently not without remedy because she could seek a variance, zone change or a bonus for affordable or elderly housing.
Judgment is entered in favor of the defendants denying plaintiff's request for a declaratory judgment that the density requirement of the Stamford zoning regulations is unconstitutional or otherwise illegal. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of March, 1993.
William B. Lewis, Judge