[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff claims that agents of the defendant wrongfully terminated his employment in breach of an alleged oral employment contract. In his prayer for relief, the plaintiff claims, inter alia, attorneys fees. The defendant has moved to strike this claim, contending that it is unsupported by any statutory or contractual provision authorizing recovery of attorneys fees.
Attorney's fees are not a recoverable element of damages CT Page 2857 unless such recovery is specifically authorized by statute or a contract between the parties. Plikus v. Plikus, 26 Conn. App. 174,179, 599 A.2d 392 (1991); Gionfriddo v. Avis Rent-a-Car Systems, Inc.,192 Conn. 280, 297, 472 A.2d 306 (1984). An exception to this rule, however, is that a court may, upon a proper showing, award attorneys fees as a component of punitive damages. Plikus v. Plikus, supra, citing O'Leary v. Industrial Park Corp., 211 Conn. 648, 651,560 A.2d 968 (1989).
The plaintiff claims that General Statutes § 52-235
authorizes recovery of attorney fees in contract actions. The plaintiff relies solely on § 52-236 and has not cited any other statutory authority, nor does the plaintiff allege that his purported oral contract with the defendant authorizes his recovery of attorney fees.
According to the plaintiff's memorandum of law in opposition to the defendant's motion to strike, § 52-236 authorizes the plaintiff to offer evidence of "any damages that have accrued from the institution of [a contract] action. . . ." Section 52-236
provides, in pertinent part, that "[i]n any action founded on contract, for the recovery of damages, the plaintiff may offer evidence of any damages that may have accrued from the same cause of action subsequent to the bringing of the action. . . ." The plaintiff reads the foregoing provision as authorizing recovery, as damages, costs and expenses incident to bringing an action on a contract, e.g., attorneys fees.
This reading, however, is not supported by the plain language of the statute. It is clear from this language that § 52-236
merely authorizes the recovery of damages suffered subsequent to bringing a contract action, not the expenses incident to bringing one. The plaintiff has failed to establish any statutory or contractual authority for his recovery of attorneys fees in this matter.
The plaintiff also relies on the exception acknowledged inPlikus v. Plikus, supra, 26 Conn. App. 179, and O'Leary v. IndustrialPark Corp., supra, 211 Conn. 651, claiming that the court could award attorneys fees as a component of punitive damages. In order for a plaintiff to recover punitive damages, however, "the complaint [must] employ language sufficiently explicit to inform the court and opposing counsel that punitive damages would be sought."Manning v. Michael, 188 Conn. 607, 619, 452 A.2d 1157 (1982). Furthermore, "exemplary damages, as an extraordinary remedy, CT Page 2858 require delineation within the pleadings of wanton or wilful malicious conduct. . . ." Id.
The plaintiff, in his complaint, has not explicitly alleged any claim for punitive damages; in fact, there is no mention of them. The plaintiff argues that his claims for "[a]ny and all damages" and "[a]ny other further equitable and legal relief as the court may deem just and proper" properly encompass a claim for punitive damages; but this argument is directly contrary to Manning v. Michael, supra, 188 Conn. 619, under which the plaintiff must claim punitive damages using explicit language in the complaint. Furthermore, the plaintiff's complaint contains no allegations of malice, fraud, recklessness or any other conduct supporting a claim for punitive damages. Nor does the plaintiff cite any statutory authority for an award of punitive damages. Therefore, even had the plaintiff specifically claimed punitive damages, since any such claim is unsupported by the necessary allegations of conduct, underManning v. Michael, supra, any such claim would not be legally sufficient.
For all of the foregoing reasons, the defendant's motion to strike the claim for attorneys fees is GRANTED, the defendant's objection is OVERRULED.
D'ANDREA, J.