[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These consolidated actions arise out of various financial transactions regarding bank accounts and interests in real property conducted by Ellen Berty, Emily Montanaro, Dennis Gorelick and Glen Gorelick, the daughter, and grandsons, respectively, of Berty, now deceased. On September 23, 1993, the plaintiff, Berty, filed a four count complaint against the defendants, Glen and Dennis Gorelick as Trustees, and Dennis Gorelick in his individual capacity. Berty alleged two counts of conversion and one count in breach of fiduciary duty against Dennis Gorelick individually, and one count in fraudulent conveyance against Dennis and Glen Gorelick as Trustees. On September 5, 1995, Montanaro, as executrix of the estate of Ellen Berty, was substituted as party plaintiff by the court, Rush, J.
On February 14, 1994, the plaintiffs, Glen and Dennis Gorelick filed a two count first amended complaint against the defendant, Emily Montanaro. The Gorelicks allege that Montanaro used undue influence to induce Berty to transfer funds to a joint account with Montanaro, and that Montanaro wrongfully induced Berty to file a frivolous lawsuit against the Gorelicks. Montanaro filed an answer and counterclaim on March 14, 1994. The allegations made in her three count counterclaim are identical to those in counts two through four of the Berty complaint.
The facts as established at trial are as follows. On October 19, 1993, Ellen Berty died and Montanaro was appointed executrix of her estate. As stated above, Montanaro was the daughter of Berty, and Glen and Dennis Gorelick were grandsons of Berty by her daughter Ellen, who died in 1970. Berty also CT Page 5256-IIII had two other grandchildren by Montanaro, Michael and Richard Montanaro. On April 19, 1976, Berty conveyed #487-491 Grand Street in Bridgeport to Dennis Gorelick, retaining a life estate in the property for herself. At the same time, Dennis Gorelick executed a deed conveying a half interest in the property to Glen Gorelick, which deed was never recorded. Berty resided on the first floor of the property until the illness in October 1993, resulting in her death. The second floor was occupied by tenants. On May 28, 1993, Dennis Gorelick transferred his interest in the property to himself as trustee for his children, and to Glen Gorelick in trust for his children. From 1987 to 1993, Dennis Gorelick assisted Berty in her financial transactions, and was a joint account holder with Berty on savings accounts, checking accounts, money market accounts and certificates of deposit. Between 1990 and 1993, Dennis Gorelick withdrew approximately $147,712.06 from Berty's bank accounts for the personal use of himself and Glen Gorelick.
On December 17, 1992, Berty wrote a blank check to Montanaro which Montanaro used to withdraw the $41,133.98 contained in the account. Montanaro then set up a joint account with Berty at another bank, and the same day Berty wrote two checks to Montanaro from the account totalling $25,000. On March 5, 1993, Montanaro and Dennis Gorelick were appointed co-attorneys-in-fact for Berty.
At the conclusion of trial Montanaro waived any claim to damages under count one of the Berty complaint, and the Gorelicks withdrew count two of their amended complaint. Therefore, the only issues remaining are whether Dennis Gorelick converted funds belonging to Berty; whether Dennis Gorelick breached a fiduciary duty owed to Berty; whether the Gorelicks fraudulently conveyed the Grand Street property; and, whether Montanaro used undue influence on Berty to establish a joint bank account with Berty and withdraw $25,000.
Conversion is defined "as [a]n unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." CT Page 5256-JJJJAetna Life Casualty Co. v. Union Trust Co., 230 Conn. 779,790-91, 646 A.2d 799 (1994). "[T]here are two general classes of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the outset; and (2) that in which the conversion arises subsequent to an initial rightful possession." Maroun v. Tarro, 35 Conn. App. 391, 396,646 A.2d 251 (1994). "Fraud is not a necessary part of a conversion."Plikus v. Plikus, 26 Conn. App. 174, 180, 599 A.2d 392 (1991).
Berty wrote many checks in which she gave money to both Dennis and Glen Gorelick. Between 1990 and 1993, Dennis Gorelick unilaterally withdrew up to $147,712.06 from Berty's accounts without authorization. These withdrawals deprived Berty of her property, to her harm. Accordingly, the unilateral withdrawal of funds from Berty's accounts, and the personal use of that money by Dennis and Glen Gorelick constituted conversion.
Moreover, Montanaro alleges that such withdrawals breached a fiduciary duty owed by Dennis Gorelick to Berty. "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him. . . . Once a fiduciary relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary."Konover Development Corp. v. Zeller, 228 Conn. 206, 219,635 A.2d 798 (1994). "Proof of a fiduciary relationship imposes a twofold burden on the fiduciary. First, the burden of proof shifts to the fiduciary; and second, the standard of proof is clear and convincing evidence. Once a fiduciary relationship is found to exist, the burden of proving fair dealing shifts to the fiduciary. . . . Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard of proof of fair preponderance of the evidence, but requires proof either by clear and convincing evidence, clear and satisfactory evidence or clear, convincing and unequivocal evidence." Id., 229-30.
The evidence demonstrates that because of the control exercised by Dennis Gorelick over Berty's financial affairs, because her various accounts were also in Dennis Gorelick's name, and because of Berty's advanced age, physical and mental CT Page 5256-KKKK condition, Dennis Gorelick occupied a fiduciary position with respect to Berty. Furthermore, as such a finding shifts the burden to Dennis Gorelick, he has failed to prove by clear and convincing evidence that the withdrawals of the funds amounting to over $147,000 constituted gifts, or were authorized by Berty. Accordingly, it is this court's finding that Dennis Gorelick breached his fiduciary duty towards Berty.
Dennis Gorelick alleges that Montanaro used undue influence on Berty to sign a check withdrawing funds from a joint account with Dennis Gorelick, depositing it in a Montanaro/Berty joint account, and then having Berty write Montanaro checks amounting to $25,000.
"Undue influence is the exercise of sufficient control over a person, whose acts are brought into question, in an attempt to destroy his free agency and constrain him to do something other than he would do under normal control. . . . It is stated generally that there are four elements of undue influence: (1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence. . . . Relevant factors include age and physical and mental condition of the one alleged to have been influenced, whether he had independent or disinterested advice in the transaction . . . consideration or lack or inadequacy thereof for any contract made, necessities and distress of the person alleged to have been influenced, his predisposition to make the transfer in question, the extent of the transfer in relation to his whole worth . . . failure to provide for all of his children in case of a transfer to one of them, active solicitations and persuasions by the other party, and the relationship of the parties." (Citation omitted; internal quotation marks omitted.)Pickman v. Pickman, 6 Conn. App. 271, 275-76, 505 A.2d 4 (1986).
While the transfer to a joint checking account might suggest undue influence, coupled with the two checks from that account to Montanaro, written the same day, the court does not find sufficient evidence that such influence was exerted.
Montanaro also claims that the transfer of the Grand Street property into trusts in favor of the children of Dennis and Glen Gorelick constituted a fraudulent conveyance pursuant to General Statutes § 52-552e. CT Page 5256-LLLL
General Statutes § 52-552e provides in pertinent part that "[a] transfer made . . . by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made . . . and if the debtor made the transfer . . . (1) [w]ith actual intent to hinder, delay or defraud any creditor of the debtor . . . ." Subsection (b) provides in relevant part that in determining intent consideration may be given, among other things, to whether the transfer was to an insider; whether the debtor retained possession or control; whether the transfer was disclosed; whether the debtor had been sued or threatened with suit before the transfer; whether the transfer was substantially all of the debtor's assets; whether the debtor removed or concealed assets; the value of the consideration; whether the debtor was insolvent or became insolvent after the transfer; and, whether the transfer was shortly before or after a substantial debt was incurred.
Dennis and Glen Gorelick transferred the property to insiders, their children, and retained control as trustees. Nevertheless, Montanaro failed to show that the transfer was not disclosed, that the transfer was substantially all of the Dennis Gorelick's assets, and that the transfer rendered him insolvent. Moreover, although Montanaro claims that the Gorelicks did not disclose the transfer to Berty, Berty had transferred the property to Dennis Gorelick in 1976. Also, the deed executed by Dennis Gorelick transferring a half interest in the property to Glen Gorelick in 1976, although never recorded, tends to show the intent of Dennis Gorelick to transfer half of the property to Glen Gorelick far before the advent of the present action. Therefore, Montanaro has not shown that the Dennis Gorelick's transfer of the property was fraudulent.
Accordingly, judgment should enter in the amount of $147,712.06 in favor of Montanaro, as executrix of the estate of Ellen Berty, on the claims of conversion and breach of fiduciary duty, and that judgment should enter in favor of Dennis and Glen Gorelick on the claim of fraudulent conveyance. Additionally, judgment should enter on behalf of Emily Montanaro on the claim of undue influence brought against her by the defendant, Dennis Gorelick.
BY THE COURT,
GROGINS, JUDGE CT Page 5256-MMMM