[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Thomas and Louisa Russo, filed a seven-count revised complaint against the defendant, Brock's Hospitality Group, Inc. d/b/a Brock's Restaurant, seeking damages for injuries allegedly sustained while Mr. Russo was eating a bowl of soup, which contained a piece of glass, at the defendant's restaurant. The defendant has filed a motion (#105) to strike the fifth and sixth counts of the revised complaint, along with the portion of the plaintiffs' prayer for relief which seeks attorney's fees.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems.Inc. v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The fifth count of the plaintiffs' complaint is based on negligent infliction of emotional distress. The plaintiffs allege that, as a result of the defendant's carelessness and negligence in serving a bowl of soup containing a piece of glass to Mr. Russo, Mrs. Russo suffered emotional distress. The defendant argues that the fifth count should be stricken because the CT Page 1621 plaintiffs have not alleged facts sufficient to establish a duty owed by the defendant to Mrs. Russo and have failed to allege each of the elements of a claim for negligent infliction of emotional distress.
The question of whether a duty exists is one of law to be decided by the court. Waters v. Autuori, supra, 236 Conn. 826 The plaintiffs have failed to allege facts sufficient to establish a duty owed by the defendant to Mrs. Russo. "`A defendant has a duty to avoid the negligent infliction of emotional distress. However, this duty does not extend to those plaintiffs who have a claim for mental distress caused by the negligent bodily injury of a family member, unless they are physically present at the scene of the accident or arrive shortly thereafter. Mental distress where the plaintiffs are not present at the scene of the accident and/or arrive shortly thereafter is unforeseeable as a matter of law.'" Clohessy v. Bachelor, 237 Conn. 31, 52-53,675 A.2d 852 (1996).
Because the plaintiffs have not alleged that Mrs. Russo was present at the scene of Mr. Russo's accident or that she arrived shortly thereafter, they have failed to allege facts sufficient to establish a duty owed by the defendant to Mrs. Russo and that Mrs. Russo's mental distress was unforeseeable as a matter of law. "`[I]t would be an entirely unreasonable burden on all human activity if the defendant who has endangered one person were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident, and every distant relative of the person injured, as well as all his friends.'" Clohessy v. Bachelor,
supra, 237 Conn. 50. "Where there is no legal duty between the person alleging injury and the defendant, there can be no actionable negligence." Doe v. Cuomo, 43 Conn. Sup. 222, 226,649 A.2d 266 (1994), Neal v. Shields. Inc., 166 Conn. 3, 12-13,347 A.2d 78 (1974). Accordingly, the defendant's motion to strike the fifth count of the plaintiffs' revised complaint is granted.[1]
In the sixth count, the plaintiffs allege that, as a result of the defendant's carelessness and negligence, Mrs. Russo "has had to render care and attention to her husband, all to her loss and damage." The defendant argues that Connecticut does not recognize such a cause of action independent of a claim for loss of consortium, which Mrs. Russo has already set forth in the seventh count. Therefore, the defendant argues that the sixth count should also be stricken. CT Page 1622
The Connecticut Supreme Court first recognized the claim for loss of consortium in Hopson v. St. Mary's Hospital,176 Conn. 485, 408 A.2d 260 (1979). "Any tort causing direct physical injury to one spouse will give rise to a claim for loss of consortium by the other." W. Prosser W. Keeton, Torts (5th Ed. 1984) § 125, p. 932. "The term `consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations." (Citation omitted; internal quotation marks omitted.) Hopson v.St. Mary's Hospital, supra, 176 Conn. 487. In recognizing a claim for loss of spousal consortium, the court in Hopson stated: "Although disparagingly referred to as `sentimental' or `parasitic' damages, the mental and emotional anguish caused by seeing a healthy, loving, companionable mate turn into a shell of a person is undeniably a real injury. Moreover, an injury to one's spouse may turn a happily married man or woman into a lifelong nurse and deprive him or her of an opportunity of having children and raising a family." Id., 493.
Based on Hopson, the necessity of rendering care and attention to an injured spouse, as well as the mental and emotional anguish caused by seeing a spouse's suffering, are recognized components of a claim for loss of consortium. The plaintiffs have cited no authority for their assertion that a claim based on the need to render care and attention to an injured spouse is separate and distinct from a claim for loss of consortium. Accordingly, the plaintiffs' allegations in the sixth count do not represent a cause of action separate and distinct from Mrs. Russo's claim for loss of consortium in the seventh count, and, therefore, the defendant's motion to strike the sixth count of the revised complaint is granted.
Finally, the defendant argues that the portion of the plaintiffs' prayer for relief that seeks attorney's fees should be stricken because the plaintiffs have failed to allege facts sufficient to support an award of punitive damages. Generally, attorney's fees may not be recovered, either as costs or damages, absent contractual or statutory authorization. O'Leary v.Industrial Park Corp., 211 Conn. 648, 651, 560 A.2d 968 (1989);Plikus v. Plikus, 26 Conn. App. 174, 179, 599 A.2d 392 (1991). Attorney's fees may be awarded, however, as a component of CT Page 1623 punitive damages. O'Leary v. Industrial Park Corp., supra, 651;Plikus v. Plikus, supra, 179. "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305
(1985).
The allegations in the plaintiffs' complaint are based on negligent misconduct. Because the plaintiffs' have failed to allege wanton or wilful malicious misconduct, it is submitted that there is no basis for an award of punitive damages. Accordingly, the defendant's motion to strike the portion of the plaintiffs' prayer for relief seeking attorney's fees is granted.
Thus, the defendant's motion to strike the fifth and sixth counts of the plaintiffs' revised complaint, along with the plaintiffs' prayer for relief seeking attorney's fees, is granted.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of February, 1997.
William B. Lewis, Judge