[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ATTORNEYS' FEESAND MOTION FOR CONTEMPT
CT Page 2908
The plaintiffs in this case, Charles Castonguay, Susan Castonguay, Peter Howard and Lois Howard, filed a motion for attorneys' fees on October 24, 1997 and a motion for contempt on the same date. The defendants, Todd Plourde and Cheri Leclair, filed an objection to each of these motions on November 4, 1997. The second defendant in the case, Lornik, Inc., filed an objection to the motion for attorneys' fees on November 7, 1997. Oral argument was sought on the motion for attorneys' fees and the motion for contempt and was granted by Judge Hennessey on December 8, 1997. Oral argument was heard on these motions on January 12, 1998. The defendants Plourde and Leclair filed a memorandum in opposition to the plaintiff's motion for attorneys' fees on January 27th and the defendant Lornik, Inc. filed a brief on the same date in which it adopted and incorporated the brief of the defendants Plourde and Leclair. In this brief Lornik, Inc. requests that should the court deem the motion for attorneys' fees proper and appropriate, Lornik requests and opportunity to present testimony. The plaintiff reviews the history of the litigation in this case in its brief of February 2nd and the defendants state that the plaintiff's motion reviews in adequate fashion the history of litigation to this point. A brief summary of the history of the case follows:
On June 26, 1996 a hearing was held before this court seeking to enjoin the defendants from building a home on a lot owned by Todd Plourde and Cheri Leclair in violation of a certain declaration of covenants and restrictions covering their lot.
On or about July 15, 1996 the court issued its memorandum of decision and a permanent injunction against the defendants.
On August 1, 1996 the defendants filed an appeal with the Appellate Court. On August 9, 1996 the plaintiffs filed an original motion for attorneys' fees which was denied pending the appeal.
On August 19, 1997 a unanimous Appellate Court affirmed the decision of the lower court and on September 5, 1997 the defendants petitioned the Supreme Court for certification. This was denied by the Supreme Court on October 9, 1997.
On October 24, 1997 the plaintiffs again filed a motion for attorneys' fees as stated above. CT Page 2909
At the oral argument on January 12th the plaintiff filed an amended affidavit of fees, claiming a fee of $20,131.41 with a complete breakdown of same.
The defendants, Plourde and Leclair, in their objection to the motion for attorneys' fees filed November 4, 1997 claimed that an award of attorneys' fees pursuant to the declaration of covenants and restrictions (declaration) on which this action is based is inappropriate since it imposes liability for attorneys' fees upon any "violating party" maintaining that defendants, Plourde and Leclair, are not responsible for any violation of the declaration but that Lornik, Inc. is directly responsible.
In their January 27th memorandum they maintain that the claim for relief in the verified complaint does not seek attorneys' fees. That a review of the trial transcript reflects no testimony, evidence or offer by the plaintiffs concerning attorneys' fees. That no where in the memorandum of decision of the trial court is there any reference to attorneys' fees or to a claim for attorneys' fees or to any entitlement to attorneys' fees or to any award of attorneys' fees and that in the decision of the Appellate Court which upheld the Trial Court (46 Conn. App. 251 (1997)) there is no reference to attorneys' fees.
They go on to point out that it is well settled that attorneys' fees may not be awarded to a successful litigant in the absence of a statutory or contractual exception and that if awarded the reasonable dollar amount of an award of attorneys' fees must be determined by an appropriate evidentiary showing. They then maintain that they cannot be held liable for attorneys' fees pursuant to the terms of the declaration since there is no privity of contract among the parties. They maintain that since the Plourdes did not purchase their lot from Lornik, Inc. but from a bank, they had no contract with the Castonguays or the Howards and no contract with Lornik, Inc. They also go on to maintain that while attorneys' fees may be awarded as a component of punitive damages, such an award would not be appropriate in this case.
The defendants also cite the case of O'Leary v. IndustrialPark Corporation, 211 Conn. 648 for the proposition that the trial court has no continuing jurisdiction after judgment which would enable it to award attorneys' fees for defending an appeal. CT Page 2910
The plaintiffs maintain that paragraph 21 of the Declaration of Restrictions and Covenants regarding reasonable attorneys' fees is a contract and when the owner of property divides it into building lots to be sold by deeds containing substantial uniform restrictions any grantee may enforce the restrictions against any other grantee; the covenants which run with the land are generally recognized as being enforceable against each of the other lot owners and that accordingly all grantees of the lots at Cider Mill Estates are in privity to the declaration or contract.
Citing Rizzo Pool Company v. DelGrosso, 240 Conn. 58, 63
(1997), the plaintiffs maintain that a party not in a position to raise the issue of attorneys' fees until they succeed on appeal does not waive this entitlement when they first move for attorneys' fees after they prevail on appeal.
In the opinion of this court the declaration of restriction and covenants does constitute a contract and any grantee is covered in the declaration and may enforce all covenants against any other grantee. Lornik, Inc. in having approved a plan which interfered with the view of the plaintiffs violated one of the restrictions. Plourde and Leclair in proceeding to build a house which interfered with the plaintiffs violated the restriction. They, in purchasing their lot were on notice of the declaration.
In the opinion of the court all of the defendants were on notice from the date of the filing of the verified complaint that if the action were successful they would be held responsible for court costs and reasonable attorneys' fees. In the opinion of the court the plaintiffs were not in a position to raise the issue until they were deemed successful. That it, until they prevailed on appeal. This was done well within four months from the judgment of the court.
With respect to the issue raised by the defendant Plourde and Leclair with respect to the amount of attorneys' fees incurred in defending an appeal, the court points out that in its opinion, the authorization of attorneys' fees in this case is based upon contract and reasonable attorneys' fees will be allowed for work done and costs incurred with respect to the appeal in this case.
Accordingly the plaintiffs are entitled to reasonable attorneys' fees and costs of suit. Attorneys' fees will not be awarded on the basis of punitive damages but as compensation based upon the contract. CT Page 2911
In some cases the actual amount of the fees claimed is not in question, only whether or not fees can be awarded. In this case however, the amount of the fees has been questioned by the defendants and therefore the court is in agreement that an evidentiary hearing must be held with respect to the reasonableness of the fees. An evidentiary hearing therefore on the amount of the fees will be held on Monday afternoon, March 23rd at 2:00 p. m.
In the motion for contempt filed on October 24, 1997 the plaintiffs request that the defendants be "cited to show cause why they should not be adjudged in contempt and that they be compelled to remove the building from the property or modify the structure to conform with the court order. At the oral argument both parties indicated that they would engage in negotiations to attempt to arrive at a mutual understanding which would produce a plan and a building which would conform to the judgment of the court.
In a letter dated February 24, 1998 the plaintiff notified the court that the parties have not been successful and requested a hearing on whether the new plan submitted by the defendant complies with the court's memorandum of decision. The court therefore notifies all parties that the hearing to be held on March 23, 1998 at 2:00 p. m. will also include the motion for contempt.
On January 22, 1998 the plaintiffs filed a second motion for contempt. In that motion plaintiffs point out that at the hearing on January 12th defendants were ordered to remove a certain sign on the building which was offensive to the plaintiffs. They state that that sign has not been removed.
All parties are herewith given notice that there will be a third hearing on March 23, 1998 at 2:00 p. m. devoted to this second motion for contempt.
HALE, J. CT Page 2912