[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Town of West Hartford moves to strike counts three, five and the prayer for relief of the plaintiff's second revised complaint.
On May 5, 1992, the plaintiff, Thomas Musco d/b/a Royalston Oak, filed a six count second revised complaint against defendants Cynda Corp., Town of West Hartford and Balboa Insurance Co. The plaintiff alleges that defendant Cynda Corp. had an agreement with defendant Town of West Hartford ("Town") to construct an animal barn. The plaintiff further alleges that he entered into a subcontract agreement with Cynda Corp. whereby the plaintiff agreed to furnish all labor and materials required to build the animal barn according to the plans and specifications provided with the agreement and, in exchange, Cynda Corp. agreed to pay the plaintiff $40,000 and other sums if changes and additions were required. Although in paragraph one of the first count the plaintiff alleges that Cynda Corp. furnished the plans and specifications, in paragraph four the plaintiff alleges that the schematics were furnished by Cynda Corp. and/or the Town. Upon discovering that the schematics CT Page 8165 were defective, the plaintiff alleges that he informed both Cynda Corp. and the Town, and that Cynda Corp. and/or the Town demanded that he keep working and do whatever was required to complete the project.
In count three of the second revised complaint the plaintiff alleges that Cynda Corp. and/or the Town impliedly warranted the sufficiency of the plans and specifications furnished by the project. In count five, the plaintiff alleges that the Town accepted the plaintiff's materials and services, and that despite its expectation that it would be paid, to date, neither Cynda Corp. nor the Town has paid the remaining balance owed to the plaintiff. The plaintiff seeks damages, consequential damages, punitive damages, interest, fees and costs.
On May 20, 1992, the defendant Town filed a motion to strike, as against the Town, counts three, five and the prayer for relief accompanied by a supporting memorandum of law. The plaintiff filed an objection to the motion to strike and accompanying memorandum on June 22, 1992.
The motion to strike tests the legal sufficiency of the allegations of a pleading, including individual counts of a complaint or the prayer for relief. Practice Book 152. "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings Loan Assn. v. Eastern Associates,3 Conn. App. 582, 585, 491 A.2d 401 (1985). "[I]f the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 109,491 A.2d 368 (1985).
I. COUNT THREE
The defendant first moves to strike count three of the second revised complaint in which the plaintiff alleges that the Town breached an implicit warranty that the plans and specifications were sufficient. The defendant Town claims that this count fails to state a cause of action because the plaintiff has not alleged any contractual relationship between the plaintiff and the Town.
In its memorandum in opposition to the motion to CT Page 8166 strike, the plaintiff cites an Oklahoma case to support his position that by furnishing the plans, the Town had impliedly warranted them. "Absent open and obvious design defects which should be apparent to a prudent contractor and called to a prime contractor's attention the party who furnished plans and specifications impliedly warrants them to be fit for their intended use." Miller v. Guy H. James Construction Co.,653 P.2d 221, 224 (Oka. Ct. App. 1982). Research reveals no similar theory in Connecticut.
In Connecticut, "a provision may be read into a contract by implication when its language, read in connection with the circumstances of the parties, makes it apparent that the term sought to be implied was understood and intended by both parties." Rabinowitz v. Connecticut Importing Co., 136 Conn. 468, 472, 72 a.2d 485 (1950).
Before a provision may be read into a contract, the plaintiff must first allege that a contract exists between the parties. Here the plaintiff has alleged only that he had a contact with Cynda Corp. and that Cynda Corp., in turn, had an agreement with the Town. A contract is necessary to support an implied warranty. The plaintiff does not allege a contract with the Town, accordingly, the Town's motion to strike count three of the plaintiff's second revised complaint as it pertains to the Town is granted.
II. COUNT FIVE
In the fifth count of the second revised complaint the plaintiff alleges that the Town accepted and used the animal barn which the plaintiff redesigned and completed; that the plaintiff expected to be paid $72,404.84, the reasonable value of the materials and services; and that the plaintiff has been damaged because neither the Town nor Cynda Corp. has paid the balance due the plaintiff, $38,204.84. The defendant Town has moved to strike this count as it pertains to the Town on the ground that the plaintiff has failed to plead the elements of any cognizable cause of action. In his memorandum in opposition the plaintiff states that this count sounds in unjust enrichment.
To state a claim for unjust enrichment, the plaintiff must allege "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the CT Page 8167 failure of payment was to the plaintiffs' detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13, 507 A.2d 129
(1986). We find that the plaintiff has alleged facts sufficient to state a cause of action, having alleged that the Town accepted and used the redesigned barn, that neither the Town nor Cynda Corp. has paid the remaining balance due and that the plaintiff has been damaged by nonpayment. Accordingly, the motion to strike count five of the plaintiff's second revised complaint is denied.
III. PRAYER FOR RELIEF
The defendant Town also moves to strike the plaintiff's prayer for relief as it applies to the Town on the ground that, even if the court were to deny the defendant Town's motion to strike counts three and five of the complaint, the plaintiff has not alleged any grounds legally sufficient to support an award of contract damages, consequential damages, punitive damages and attorneys fees and costs.
A. Damages
If the damages referred to in the plaintiff's prayer for relief, paragraph A, are contract damages, it is an inappropriate form of relief to be granted against the Town. Contract damages are a form of relief available in an action for breach of contract. See West Haven Sound Development Corp. v. West Haven,201 Conn. 305, 319, 514 A.2d 734 (1986). Contract damages are inappropriate because the plaintiff has not alleged that it had a contract with the Town.
If, on the other hand, the damages in paragraph A of the prayer for relief are damages available under a theory of unjust enrichment, this paragraph seeks an appropriate form of relief against the Town.
B. Consequential Damages
In paragraph B of the prayer for relief the plaintiff seeks consequential damages. "The general rule is that, when a contract has been broken, the damages which may be recovered for the breach are such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as the probable result of the breach of it." (Citation omitted). Hartford Courant Co. v. State,18 Conn. Sup. 490, 493 (Super.Ct. 1954). Therefore, CT Page 8168 consequential damages are an inappropriate form of relief in an action against the Town because the plaintiff has not alleged a contract between the plaintiff and the Town.
C. Punitive Damages
In paragraph D of the prayer for relief the plaintiff seeks punitive damages. "Punitive damages are not ordinarily recoverable for breach of contract." (Citations omitted). L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 47,514 A.2d 766 (1986).
 Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence, for "punitive damages may be awarded only for `outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others.'"
L.F. Pace Sons, supra, 48, quoting Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 128,222 A.2d 220 (1966). The plaintiff has not alleged a contract with the Town and has also not alleged wanton or malicious conduct by the Town. Therefore an award of punitive damages is inappropriate.
D. Attorney's Fees and Costs
In paragraph E of the prayer for relief the plaintiff requests an award of attorney's fees and costs. "`[A]bsent contractual or statutory authorization, there can be no recovery, either as costs or damages . . . for counsel fees by a party opponent from his opponent.'" O'Leary v. Industrial Park Corp., 211 Conn. 648, 651, 560 A.2d 968 (1989), quoting Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 297, 472 A.2d 306 (1984). "An exception to this general rule is that attorney's fees may be awarded as a component of punitive damages." O'Leary, supra. The plaintiff has failed to allege any contractual or statutory basis for an award of attorney's fees against the Town. Therefore, a claim for attorney's fees against the Town is inappropriate. Further, because, as CT Page 8169 discussed above, an award of punitive damages is inappropriate, the plaintiff's claim for attorney's fees and costs does not satisfy the exception to the general rule.
The defendant Town's motion to strike was directed at the entire prayer for relief. Although the plaintiff's claims for consequential damages, punitive damages, and attorney's fees and costs are inappropriate, when viewed in the light most favorable to the plaintiff, the claim for damages may be interpreted as a request for relief under a theory of unjust enrichment. Therefore, because the prayer for relief may contain a valid request for relief from the Town, the defendant Town's motion to strike is denied as it relates to the prayer for relief.
Mary R. Hennessey, Judge