[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR SUPPLEMENTAL AND FINAL JUDGMENT DEFENDANT'S MOTION FOR REMITTITUR
Presently before the court are the plaintiff's motion for supplemental and final judgment and the defendant's motion for remittitur. On January 11, 2000, this court rendered a decision on the parties' cross motions for summary judgment. See General Plasma, Inc. v. Reliance InsuranceCo., Superior Court, judicial district of Hartford at Hartford, Docket No. 575899 (January 11, 2000, Peck, J.) (26 Conn.L.Rptr. 189). The court granted the plaintiff's motion for summary judgment therein and held that the defendant, Reliance Insurance Company (Reliance), breached a comprehensive general liability policy issued to the plaintiff; General Plasma, Inc. (General Plasma), when it failed to defend and indemnify General Plasma in United Technologies Corporation v. General Plasma,Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 532569 (withdrawn, December 17, 1997). This court concluded that Reliance was liable for the $200,000 that General Plasma paid to settle the United Technologies Corporation (UTC) action and for reasonable attorney's fees and costs in the amount of $179,234.19 that General Plasma incurred in defending the action. The court further held Reliance liable for reasonable attorney's fees and costs incurred by General Plasma in bringing the present action.
In the motion for supplemental and final judgment, General Plasma now seeks compensatory interest pursuant to General Statutes § 37-3a,[1]
offer of judgment interest pursuant to General Statutes § 52-192a,[2]
and attorney's fees and costs incurred in bringing the present action. In the motion for remittitur, Reliance seeks an order of remittitur in the amount of $100,000 on the sum due to General Plasma for the settlement of the UTC action. Since the amount of the judgment must be determined before any interest can be assessed, the court will first address Reliance's motion for remittitur.
 I MOTION FOR REMITTITUR
Reliance seeks an order of remittitur in the amount of $100,000, a sum that it extended to General Plasma to settle the UTC action. Although Reliance failed to plead either a setoff or counterclaim for this amount, it argues that since General Plasma only paid $100,000 of its own funds to settle the UTC action, the amount of the judgment in favor of General Plasma accordingly should be reduced. See Practice Book § CT Page 771410-54; Dutra v. Longobardi, Superior Court, judicial district of New Haven at New Haven, Docket No. 350425 (Jan. 5, 1995, Hadden, J.) (language of Practice Book § 168 [now § 10-54] is non-mandatory). General Plasma does not dispute the existence of the loan agreement between the parties or its terms. Rather, General Plasma argues, inter alia, that the $100,000 merely represents a loan which General Plasma was conditionally required to repay and, therefore, the loan should not affect its right to a judgment against Reliance in the full amount of General Plasma's settlement obligation.[3]
For reasons known only to the parties, Reliance and General Plasma chose to withhold from this court the existence of their loan agreement until after summary judgment was rendered. After careful consideration of the parties' respective arguments and a review of the loan agreement, the court finds in favor of Reliance on this issue. According to the terms of the parties' loan agreement, Reliance extended General Plasma $100,000, without interest, for the express purpose of settling the UTC action. The agreement called for General Plasma to repay Reliance the sum only in the event that General Plasma failed to obtain a judgment against Reliance in the present lawsuit. Otherwise the loan is forgiven. Since General Plasma has prevailed against Reliance in the present action, General Plasma is not required to repay the loan. Under these circumstances, without a remittitur, General Plasma would be in the position of recovering $200,000 awarded by the court pursuant to ruling on summary judgment plus an additional $100,000, which Reliance has forgiven pursuant to the terms of the loan agreement. Because General Plasma has claimed only the $200,000 that it paid to settle the UTC lawsuit, this result would be unjust and inequitable.[4]
For all of the above reasons, Reliance's motion for remittitur is hereby granted. This court's memorandum of decision, dated January 11, 2000, shall be revised as follows. Reliance shall be liable to General Plasma in the amount of $100,000 for sums paid by General Plasma to settle the UTC action. Reliance also shall be liable for reasonable attorney's fees and costs in the amount of $179,234.19, which General Plasma incurred in defending the UTC action.[5] Furthermore, General Plasma is entitled to reasonable attorney's fees and cost incurred in bringing the present action, as specified below.
 II MOTION FOR SUPPLEMENTAL AND FINAL JUDGMENT
General Plasma now seeks compensatory interest pursuant to General "Statutes § 37-3a, offer of judgment interest pursuant to General Statutes § 52-192a, and attorney's fees and costs incurred in CT Page 7715 bringing the present action. The court addresses these issues in reverse order.
 A Attorney's Fees and Costs
Although the records of General Plasma's counsel show that the firm has expended $36,880 in attorney's fees and an additional $1174.07 in costs in bringing the present action, General Plasma requests $202,505.14 in attorney's fees, plus $69.68 for each day, if any, after February 29, 2000, until entry of final judgment, and $1174.07 in costs. Additionally, General Plasma requests that the court enter an award of "[p]ost-judgment attorney's fees at the rate of 25% of the post-judgment interest (both compensatory and offer of judgment)." (Plaintiff's Motion for Supplemental and Final Judgment, 1/31/00.) General Plasma argues that "consistent with [Sorrentino v. All Seasons Services, Inc., 245 Conn. 756,717 A.2d 150 (1998)] . . . this Court must award those fees which General Plasma actually is obligated to pay undersigned counsel pursuant to said contingent fee agreement." (Plaintiff's Memorandum of Law, 1/31/00, p. 11.) Reliance argues, on the other hand, that the contingent fee agreement between General Plasma and its counsel does not produce a reasonable attorney's fee and, therefore, the award of attorney's fees, if any, should be based on the actual work performed by counsel. The court agrees with Reliance.
Notwithstanding General Plasma's argument, Sorrentino v. All SeasonsServices, Inc., supra, 245 Conn. 756, does not require this court to submit blindly to a party's contingent fee arrangement when awarding attorney's fees. The issue before the Sorrentino court was to what extent should a reasonable fee agreement be the basis for a court's award of reasonable attorney's fees. See Sorrentino v. All Seasons Services,Inc., supra, 245 Conn. 774. The court concluded that "[a] trial court should party's contingent fee agreement when awarding attorney's fees. The issue before the Sorrentino court was to what extent should a reasonable fee agreement be the basis for a court's award of reasonable attorney's fees. See Sorrentino v. All Seasons Services, Inc., supra,245 Conn. 774. The court concluded that "[a] trial court should not depart from a reasonable fee agreement in the absence of a persuasive demonstration that enforcing the agreement would result in substantial unfairness to the defendant." Id., 776. This court must determine, therefore, whether the fee arrangement between General Plasma and its counsel is a reasonable standard on which to base the award of reasonable attorney's fees and costs.[6] The court's analysis begins with Rule 1.5 of the Rules of Professional Conduct. CT Page 7716
Rule 1.5(a) provides in relevant part that "[a] lawyer's fee shall be reasonable." Reasonableness may be determined by considering several factors including, inter alia, the novelty and difficulty of the legal issues; the time and labor devoted to the case; "the amount involved and the results obtained"; Rule 1.5(a)(4); and "[w]hether the fee is fixed or contingent." Rule 1.5(a)(8). Although a "fee may be contingent on the outcome of the matter for which the service is rendered . . . [a] contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages of the recovery that shall accrue to the lawyer as a fee in the event of settlement, trial or appeal, whether and to what extent the client will be responsible for any court costs and expenses of litigation, and whether such expenses are to be deducted before or after the contingent fee is calculated." Rule 1.5(c).
The contingent fee agreement between General Plasma and its counsel, Brenner, Saltzman Wallman, L.L.P., dated March 5, 1998, provides that the firm will litigate the insurance coverage claim against Reliance, which counsel estimated at $350,000, "on a contingent fee basis with our firm receiving fifty (50%) percent of any amount received from Reliance of the first $250,000 received and twenty-five (25%) percent of any amount received over $250,000."[7] (Plaintiff's Exhibit H, attached to Plaintiff's Memorandum of Law, 1/31/00.) The agreement further provides: "It is also possible to make a claim against Reliance for the legal fees incurred in bringing the insurance coverage lawsuit against Reliance. If in fact the court awarded $50,000 in legal fees, that amount would be added to the amount of the other damages awarded by the court and then the contingent fee percentage would be applied to the total." (Id.) The agreement does not include an alternative payment structure for a situation in which the parties settle the case prior to trial or, as did happen, the case is decided on cross motions for summary judgment.
After careful consideration of the various factors under Rule 1.5 and the particular contingent fee agreement at issue, the court concludes that the contingent fee agreement between General Plasma and its counsel is not a reasonable standard on which to base an award of attorney's fees associated with the bringing of the present action. See generally Rohanv. Rosenblatt, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 116887 (August 13, 1999, Vertefeuille, J.) (25 Conn.L.Rptr. 287). The issues in this case were fairly straight forward, with the principal issue being a breach of contract claim. As evidence of the limited complexity of the case, General Plasma's counsel collectively logged 196 hours on the case, with a time spent value of $36,880. (Exhibit I, attached to the Plaintiff's Memorandum of Law, 1/31/00.) Moreover, the case was decided, without trial, on the parties' cross motions for summary judgment. Lastly, this case involved a claim CT Page 7717 with a value estimated by General Plasma's counsel of approximately $350,000, on which the court ultimately awarded General Plasma a total amount of $279,234.19, excluding attorney's fees for the present action and any compensatory and offer of judgment interest. Awarding General Plasma attorney's fees in accordance with the contingent fee agreement, under these circumstances, "would result in substantial unfairness to the defendant." Sorrentino v. All Seasons Services, Inc., supra, 245 Conn. 776. Therefore, the court has opted to depart from the contingent fee agreement between General Plasma and its counsel in awarding reasonable attorney's fees.
Accordingly, this court awards General Plasma attorney's fees in the amount of $36,880, which represents the actual value of attorney's fee incurred in bringing the present action through January 29, 2000, the date on which the billing records submitted to the court end.[8] The court also awards General Plasma $1174.07 for costs that it incurred in prosecuting the action.
 B Compensatory Interest under General Statutes § 37-3a
General Plasma next seeks compensatory prejudgment and postjudgment interest, pursuant to General Statutes § 37-3a, on the award of attorney's fees and settlement costs. Focusing on the decisional language that Reliance refused to defend and indemnify in violation of the clear and unambiguous language of the general liability policy, General Plasma argues that the amounts at issue were wrongfully withheld and, therefore, compensatory interest should be awarded. Reliance claims, on the other hand, that an award of compensatory interest would be inequitable under the facts of this case. Reliance specifically points to the parties' good faith dispute over available coverage under the policy and the interest-free loan of $100,000 that it advanced to General Plasma to settle the UTC action.
Section 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." "The allowance of prejudgment interest as an element of damages is an equitable determination and a matter lying within the discretion of the trial court. . . . The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of an arbitrary rule." (Internal quotation marks omitted.) Rapin v. Nettleton,50 Conn. App. 640, 651, 718 A.2d 509 (1998). "The fact that this dispute is `hotly contested' does not impact on the trial court's determination CT Page 7718 that the defendant wrongfully detained the [plaintiff's] money." Solomonv. Hall-Brooke Foundation, Inc., 30 Conn. App. 136, 147, 619 A.2d 866
(1993). The decision to order prejudgment interest is based "solely [on] whether the money was withheld wrongfully under the circumstances." PlazaRealty Management Corp. v. Sylvan Knoll Section II, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 148938 (April 18, 1997, Lewis, J.); see also Northrop v. AllstateInsurance Co., 247 Conn. 242, 255, 720 A.2d 879 (1998).
This court has already determined that Reliance's failure to defend and indemnify, as required by the comprehensive general liability policy, denied General Plasma its contractual benefit to a defense and full indemnification in United Technologies Corp. v. General Plasma, supra, Superior Court, Docket No. 532569. Consequently, General Plasma was required to expend significant sums in defending and settling the UTC action. For the reasons articulated in the memorandum of decision, dated January 11, 2000, this court holds that Reliance's conduct amounted to a wrongful withholding of General Plasma's money; see Sarasota Inc. v.Ralion Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322000 S (Feb. 10, 1998, Mottolese, J.) (21 Conn. L. Rptr. 382) ("wrongful means nothing more than that the act is performed without legal rights to do so"); and, therefore, General Plasma is entitled to § 37-3a prejudgment and postjudgment interest on moneys it spent defending and settling the UTC action.
"A trial court must make two determinations when awarding compensatory interest under § 37-3a: (1) whether the party against whom interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated." Blakeslee ArpaiaChapman, Inc. v. El Constructors, Inc., supra, 239 Conn. 735. General Plasma agreed to pay UTC $200,000 to settle the underlying action. Thereafter, UTC withdrew the action against Reliance on December 17, 1997. In the absence of a particular date in the file denoting the date on which General Plasma actually paid the settlement amount, this court finds December 17, 1997, as the date on which moneys expended to settle the UTC action were wrongfully withheld. The court also finds the various dates on which General Plasma paid to its counsel attorney's fees and costs in the underlying action as the dates on which those funds were wrongfully withheld. (See Exhibit B, Defense Costs, attached to the Plaintiff's Memorandum of Law, 1/21/00.)
Postjudgment interest, if any, shall be calculated from the date of this final judgment to the date of payment. See O'Leary v. IndustrialPark Corp., 211 Conn. 648, 653, 560 A.2d 968 (1989); Continental MachineTool Co., Inc. v. Beacon Industries, Inc., Superior Court, judicial CT Page 7719 district of Hartford-New Britian at New Britain, Docket No. 452488 (November 19, 1993, Berger, J.).
 C Offer of Judgment Interest under General Statutes § 52-192a
General Plasma also seeks offer of judgment interest pursuant to General Statutes § 52-192a. Section 52-192a (b) mandates that the court, after trial, "examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint."
"The imposition of interest as a result of finding that the plaintiff was entitled to an award of damages in excess of the offer of judgment is mandatory. . . . The statute is admittedly punitive in nature. . . . It is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the impetus to settle cases" (Internal quotation marks omitted.) Blakeslee Arpaia Chapman, Inc. v. ElConstruction, Inc., 239 Conn. 708, 752, 687 A.2d 506 (1997). "The interest awarded under 52-192a is unrelated to the underlying debt."Paine, Webber, Jackson Curtis, Inc. v. Winters, 22 Conn. App. 640, 654,579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990). It "is solely related to the defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." (Internal quotation marks omitted.) Willow Springs Condominium Assn.,Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 56, 717 A.2d 77
(1998).
On August 31, 1998, General Plasma filed an offer of judgment in the amount of $300,000, which Reliance did not accept.[9] Because the judgment of the court will equal or exceed $317,288.26,[10] General Plasma is entitled to offer of judgment interest from December 10, 1997, the date on which the present action was filed. Therefore, "the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . computed from the date the complaint in the civil action was filed with the court. . . ." General Statutes § 52-192a
(b).
 CONCLUSION CT Page 7720
Reliance is liable to General Plasma for the following amounts: $100,000 that General Plasma expended from its own funds to settle UnitedTechnologies Corporation v. General Plasma, Inc., supra, Superior Court, Docket No. 532569; $179,234.19 in reasonable attorney's fees and costs General Plasma incurred in defending the UTC action; and prejudgment interest pursuant to § 37-3 in the amount of $74,855.69, assessed from December 17, 1997 to July 10, 2000.[11] Reliance is further liable to General Plasma for postjudgment interest, if any, at a rate of 10% per annum from the date of this final judgment to the date of payment.
Reliance shall also be liable to General Plasma for $38,054.07 in reasonable attorney's fees and costs that General Plasma incurred in bringing the present action; and offer of judgment interest under §52-192a in the amount of $98,307.34.[12]
Consistent with this final judgment, General Plasma may submit a supplemental bill no later than July 7, 2000, for attorney's fees and costs incurred since January 29, 2000. Otherwise, judgment for General Plasma in the amount of $490,451.29 shall enter on July 10, 2000.
Peck, J.