[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion to Strike)
The defendant, Sanitrol Septic Services, LLC has moved to strike the Third Count of the plaintiff's Revised Complaint dated September 11, 2001 CT Page 15313 and the portions of the prayer for relief in the Second Count of the plaintiff's Revised Complaint seeking punitive damages and costs, including a reasonable attorney's fee. The defendant argues that said Third Count fails to state sufficient facts to support a finding of a violation of the Connecticut Unfair Trade Practices Act by the defendant. Additionally, the defendant agrees that the plaintiff has made no allegations in the Second Count of the Revised Complaint, which if proven, would provide a basis for punitive damages and costs, including a reasonable attorney's fee.
 I
The plaintiff has brought an action against the defendant Sanitrol Septic in three counts. The First Count alleges a breach of contract; the Second Count alleges negligence; and the Third Count alleges violations of CUTPA.
In the First Count regarding a breach of an oral contract, the plaintiff alleges she retained the services of Sanitrol to perform an inspection and to issue her a written report regarding the condition of her sanitary waste disposal system at the plaintiff's home in North Branford, Connecticut. The plaintiff alleges that the defendant did perform the inspection and issued their report stating the defendant's findings as to why the plaintiff's septic system had failed. The plaintiff alleges that the defendant breached the oral contract in that the defendant's inspection was not performed in a workmanlike and proper manner, causing damage to the plaintiff.
The Second Count of the Revised Complaint reiterates the plaintiff's claims and further alleges negligence by the defendant in failing to properly inspect the septic system. In the Second Count the plaintiff is seeking punitive damages and costs, including a reasonable attorney's fee.
The Third Count of the Revised Complaint, in addition to reiterating allegations made in the First Count and Second Count, further alleges that the defendant has violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110.
 II
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause CT Page 15314 of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
The court notes that the plaintiff has filed an objection to the motion to strike, but has not filed an opposing memorandum of law. The failure to timely file an opposing memorandum will not necessarily be fatal to the plaintiff. The court may address the merits of the motion to strike. However, the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike. Barbagollo v. Rob's Automotive, Superior Court, judicial district of New Britain, Docket No. 494861 (December 3, 1999, Wollenberg, J.).
 III.
The court agrees with the defendant that the plaintiff has failed to allege any statutory or contractual basis for the recovery of the costs of this action, including a reasonable attorney's fee as requested in the prayer for relief in the Second Count of the Revised Complaint. CT Page 15315 "Attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652-53,529 A.2d 702 (1987).
The plaintiff has also failed to allege fraud, reckless indifference to the rights of others or an intentional or wonton violation of those rights as required to obtain punitive damages as requested by the plaintiff in her prayer for relief in the Second Count of the Revised Complaint. O'Leary v. Industrial Park Corporation, 211 Conn. 648, 651,560 A.2d 968 (1989). Sorrentino v. All Seasons Services, Inc.,245 Conn. 756, 778, 717 A.2d 150 (1998). An allegation of negligence, in itself, does not constitute a "reckless," "intentional," or "wanton" violation of the rights of another party. Therefore, paragraph 5 of the prayer for relief of the Second Count, seeking punitive damages, is hereby stricken.
The court also finds that the Third Count of the Revised Complaint should be stricken as it is legally insufficient. The Third Count of plaintiff's Revised Complaint does not allege a per se violation. The Third Count is based on an alleged breach of contract or negligence and does not provide the basis for a claim that the defendant violated the Connecticut Uniform Trade Practices Act ("CUTPA").
There are two types of CUTPA claims: one alleges a per se violation of a statute that automatically triggers CUTPA and the other alleges unfairness of the act complained of General Statutes § 42-110b;Jacobs v. Hexley Ford-Subaru, Inc., 231 Conn. 707, 727 (1995). The unfairness of an act is determined by the "cigarette rule," which inquires "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by common law, statutes or otherwise . . .; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three." Fink v.Golenbech, 238 Conn. 183, 215 (1996); Hartford Electric Supply Co. v.Allen-Bradley, 250 Conn. 334, 368 (1999).
A claim of negligence alone is not enough to support a CUTPA claim when all three prongs of the "cigarette rule" are not satisfied. A-G Foods,Inc. v. Pepperidge Farms, Inc. 216 Conn. 200 (1990); Williams Ford, Inc.v. Hartford Courant Co., 232 Conn. 559, 591 (1995).
Additionally, a simple breach of contract is not a CUTPA violation. In order for a CUTPA violation to be established, the plaintiff must prove CT Page 15316 "substantial aggravating circumstances attending the breach." Davoli v.Marazzi, Superior Court, Judicial District of Ansonia/Milford, Docket No. CV 97-0059225 (March 10, 1998, Flynn, J.) In this matter, the plaintiff alleges a simple breach of contract without the showing of any "substantial aggravating circumstances," or any allegation that the breach of contract was immoral, unethical or offensive to public policy. The breach of contract set forth in the First Count of the Revised Complaint is insufficient to substantiate the CUTPA claim pleaded in the Third Count.
Accordingly, the motion to strike is hereby granted in its entirety.
By the Court,
Richard E. Arnold, Judge